UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Case Number: 16-24272-CIV-MORENO

AIG PROPERTY CASUALTY COMPANY,

      Plaintiff,

vs.

CHARLEVOIX EQUITY PARTNERS
INTERNATIONAL INC.,

      Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss **(D.E. 8)**, filed on **November 21, 2016**.

THE COURT has considered the motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED based on the first-to-file rule. Prior to this suit being filed, Defendant Charlevoix Equity Partners International, Inc. filed a case in state court. AIG Property Casualty Company removed the first filed case, Case No. 16-24764-CIV-SCOLA and Charlevoix does not contest the removal is proper. Both the removed case and this case are based on AIG's payment of only a portion of the damages incurred by Charlevoix in repairing a vessel. The parties dispute provisions of the insurance policy with respect to coverage and the value of damages.

"Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005). "The 'first to file' rule is grounded in principles of comity and sound judicial

administration. . ... 'The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result.' " *Save Power Ltd. v. Syntek Fin. Corp.,* 121 F.3d 947, 950 (5th Cir. 1997) (quoting *West GulfMaritime Ass'n v. ILA Deep Sea Local 24,* 751 F.2d 721, 729 (5th Cir.1985)).

When the first-to-file rule is applicable, a district court may elect to stay, transfer, or dismiss a duplicative later-filed action, and in applying the first-to-file rule, judges are afforded "'an ample degree of discretion.'" *Merial Ltd. v. Cipla Ltd.,* 681 F.3d 1283, 1299 (Fed. Cir.2012) (quoting *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.,* 342 U.S. 180, 183–84, 72 S. Ct. 219, 96 L.Ed. 200 (1952)). In order to overcome the presumption favoring the forum of the first-filed suit, the objecting party must "carry the burden of proving 'compelling circumstances' to warrant an exception to the first-filed rule." *Manuel,* 430 F.3d at 1135 (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu,* 675 F.2d 1169, 1174 (11th Cir.1982)); *Strother v. Hylas Yachts, Inc.,* No. 12-80283-CV, 2012 WL 4531357, at *1 (S.D. Fla. Oct. 1, 2012).

The Plaintiff argues the first-to-file rule does not apply here because the first-filed case originated in state court. That case has now been removed and it is in the interests of judicial economy not to have two district judges adjudicating the issues. The adjudication of case no. 16-24764-CIV-SCOLA is likely to resolve all the issues between these parties. Accordingly, the motion to dismiss is GRANTED and the case is DISMISSED without prejudice.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ of January 2017.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Honorable Robert Scola

2